UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GLORIA CALDAROLA,

            Plaintiff,

vs.

DOWNTOWN WELLNESS CENTER
LLC, a Florida Limited Liability Company,
and GOLD CHIROPRACTIC, P.A., a
Florida Corporation,

            Defendants.

_____/

## COMPLAINT

Plaintiff, **GLORIA CALDAROLA,** by and through undersigned counsel, hereby sues the

Defendants, **DOWNTOWN WELLNESS CENTER LLC, a Florida Limited Liability Company**,

and **GOLD CHIROPRACTIC, P.A., a Florida Corporation**, for injunctive relief, attorneys' fees

and costs pursuant to 42 U.S.C. § 12181, et seq., ("Americans with Disabilities Act" or "ADA").

## JURISDICTION

1.      The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and

1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based on Defendants' violations

of Title III of the Americans with Disabilities Act. Plaintiff's claims are authorized by 28 U.S.C.

§ 2201 and 2202.

## PARTIES

2.      The Plaintiff, **GLORIA CALDAROLA**, suffers from the effects of multiple

sclerosis and is disabled as defined by the Americans with Disabilities Act. Ms. Caldarola is

substantially limited in performing major life activities including walking, caring for herself,

performing manual tasks, working, standing, bending, grasping and lifting.  Ms. Caldarola uses a wheelchair for her mobility.  Ms. Caldarola is a Florida resident and is *sui juris*.  Ms. Caldarola has suffered direct injury as a result of the Defendants' actions or inaction described herein.  Prior to the filing of this action, Ms. Caldarola personally visited Defendants' premises described below and her full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the property were restricted and limited because of her disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure the ADA violations that exist at the property, including but not limited to those set forth in this Complaint.[1]  Such barriers constitute discrimination prohibited by the ADA. Ms. Caldarola will visit the premises in the near future to avail herself of the goods and services offered to the public at the property once the property is made accessible and ADA-compliant.

3.     Completely independent of her personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of herself, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations.  When acting as a "tester," Plaintiff employs a routine practice.  She personally visits the public accommodation where she knows or where it has been reported to her that illegal barriers to access exist; engages all of the barriers to access, or at least all of those that she is able to access; and tests all of those barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its

---

[1] The term "ADA violations," as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits for personal reasons, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4.      In July 2019, Plaintiff, in her individual capacity for personal reasons, and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations set forth herein.

5.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendants' actions or inaction described herein.

6.      The Defendant, **DOWNTOWN WELLNESS CENTER LLC, a Florida Limited Liability Company**, is authorized and engaged in the transaction of business in Florida.  Upon information and belief, this Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, a commercial facility more commonly referred to as "Downtown Wellness Center," located at or about 301 Lake Avenue, Lake Worth, Florida 33460 (hereinafter  referred to as the "Property").

7.      The Defendant, **GOLD CHIROPRACTIC, P.A., a Florida Corporation**, is authorized and engaged in the transaction of business in Florida.  Upon information and belief, this Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, a commercial facility more commonly referred to as "Downtown Chiropractic," located at or about 309 Lake Avenue, Lake Worth, Florida  33460 (hereinafter referred to as the "Property").

3

## INTRODUCTION

8.      On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. seq*., establishing the most important civil rights law for persons with disabilities in our country's history.

9.      The Congressional statutory findings include:

(a)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c)      discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d)      individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

(e)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

10.      Congress explicitly stated that the purpose of the ADA was to:

(a)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)      provide clear, strong, consistent, enforceable standards addressing

discrimination against individuals with disabilities; and,

      (c)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1), (2) and (4).

11.    Congress provided commercial businesses one and a half years from the effective date, to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA, was January 26, 1992.  42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

12.    The subject premises, which is owned, leased and/or operated by the Defendants and which is the subject of this action, is a commercial facility which offers goods and/or services to the public.  The facility must be, but is unable to be, accessed by individuals with disabilities, including the Plaintiff.

13.    Pursuant to 42 U.S.C. § 12181(7), 28 C.F.R. § 36.104, the premises which are the subject of this action are public accommodations covered by the ADA and must be in compliance therewith.

14.    The Defendant has discriminated and continues to discriminate against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

15.    The Defendants have discriminated and continue to discriminate against the Plaintiff and others who are similarly situated, by failing to make reasonable accommodations in policies, practices or procedures which are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.   42 U.S.C.

12182(b)(2)(A)(ii).

16.     The Plaintiff has been unable to and continues to be unable to enjoy full and safe access to, and the benefits of the services offered at Defendants' premises.  Prior to the filing of this lawsuit, Plaintiff visited the premises and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact.  Plaintiff continues to desire to visit Defendants' premises, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers and policies and/or procedures which remain at Defendants' premises in violation of the ADA.  Ms. Caldarola has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' deliberate and knowing continuing violations of the ADA.

17.     Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  28 C.F.R. Part 36.

18.     The Defendant is in violation of 42 U.S.C. § 12181 et seq., 28 C.F.R. 36.302 et seq., and FBC (Florida Building Code, Chapter 11, Florida Accessibility Code for Building Construction, effective March 1, 2002, the "Code", chapter 11-4.6), and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, of which Plaintiff has actual notice or has personally experienced and/or observed:

**Parking**

a.     There is no accessible route from the parking areas to the facility, in violation of STANDARDS 206, 402, 403, 404, 405, and 406.

b.     The ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in STANDARDS 405 and 406.

**Entrance Access and Path of Travel**

c.      There are no accessible routes from the street, sidewalk and parking areas, in violation of STANDARDS 206, 402, 403, 404 and 406.

d.      There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of STANDARD 405.

e.      There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating STANDARD 404.2.5.

f.      There are stairs provided at the facility that do not comply with the standards prescribed in STANDARD 504.

g.      There is not a continuous path of travel connecting all essential elements of the facility, violating STANDARD 402.

h.      There is no means of emergency egress or area of rescue assistance provided at the facility, violating STANDARD 207.

**Access to Goods and Services**

i.      There are protruding objects present throughout the facility, in violation of STANDARD 307.

j.      There are permanently designated interior spaces without proper signage in violation of STANDARDS 216 and 703.

k.      There are counters throughout the facility in excess of 36", in violation of STANDARDS 227 and 904.

l.      There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADA Standards.

m.      There is insufficient clear floor space to access goods or services at the facility, in violation of several sections of the ADA Standards.

19.      There are other current violations of the ADA at the facility owned and operated by the Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, Plaintiff requires an

inspection of the Facility and Property in order to determine all of the discriminatory acts violating the ADA.

20.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

21.     To date, these readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way to effectuate compliance with the provisions of the ADA.

22.     Upon information and belief, the Facility and Property have been altered since 2010.

23.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in Paragraph 18 can be applied to the 1991 ADAAG standards.

24.     Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

25.     The barriers to access at the property have effectively denied or diminished the Plaintiff's ability to visit the property and have endangered her safety.  Barriers to access involving path of travel and parking at this property have posed a risk of injury to the Plaintiff.  Other barriers

to access as described in this Complaint cause similar risk of injury, embarrassment or discomfort to the Plaintiff.

26.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein.  The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

27.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorney's fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §§ 12205 and 12117.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff requests the Court to issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to implement policies consistent with the ADA to accommodate the disabled, to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff her reasonable attorney's fees, litigation expenses, including expert fees, and costs.

Respectfully submitted this 11th day of July, 2019.

s/ Cynthia K. Mitchell
CYNTHIA K. MITCHELL
Florida Bar No. 0571563
Cynthia K. Mitchell, P.A.
Attorneys for Plaintiff
1364 Amaryllis Lane
West Palm Beach, Florida  33415
Telephone: 561-244-2533
Facsimile: 888-260-6181
Email: cmitchell@ckmpa.com