UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:19-cv-80915-RLR

GLORIA CALDAROLA,

                  Plaintiff,

vs.

DOWNTOWN WELLNESS CENTER
LLC, a Florida Limited Liability Company,
and GOLD CHIROPRACTIC, P.A., a
Florida Corporation,

                  Defendants.

_____/

## CONSENT DECREE

**THIS CONSENT DECREE** is entered into by and between GLORIA CALDAROLA

("Plaintiff") and DOWNTOWN WELLNESS CENTER LLC, a Florida Limited Liability

Company, and GOLD CHIROPRACTIC, P.A., a Florida Corporation, ("Defendants"),

hereinafter the "Parties."

**IT IS HEREBY** stipulated and agreed by and between Plaintiff and Defendants as

follows:

**WHEREAS,** Plaintiff filed this action against Defendants for alleged violations of Title

III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, pursuant to which Plaintiff

sought a permanent injunction and attorney's and expert's fees, expenses and costs;

**WHEREAS,** Defendants do not admit, and expressly deny, a violation of any federal,

state or local statute (including, but not limited to, the ADA), and state or municipal fire safety

or building code, or any other wrongdoing or liability whatsoever;

**WHEREAS,** Plaintiff and Defendants have agreed to a settlement of this action;

**WHEREAS,** the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

**WHEREAS,** it is the intent of the Parties to improve access to the Facility for persons with disabilities, and to set standards for future construction in a manner that satisfies Defendants' obligations under the laws governing physical access features for persons with disabilities at public accommodations, including, but not limited to, their obligations under the ADA; and

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of this action:

## ADA ACCESSIBILITY AND BARRIER REMOVAL

1.      Plaintiff alleges in the Complaint filed in this action that certain physical barriers to access exist at the Facility which is the subject of this action, a commercial facility more commonly referred to as "Downtown Wellness Center," located at or about 301 Lake Avenue, Lake Worth, Florida 33460 (the "Facility"), that restrict and/or limit her access to the Facility.[1] In response to and in settlement of the allegations contained in Plaintiff's Complaint and all other allegations brought or which could have brought in this action with respect to this Facility,

---

[1] For the purposes of this Consent Decree, the following abbreviations shall apply: (1) ADAAG: refers to the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A; and (2) FAC: refers to the Florida Accessibility Code. Furthermore, for the purposes of this Consent Decree, the term "accessible" shall be defined to mean accessible to persons with a disability.

Defendants shall cause the following barrier removal, alterations, and modifications to be made to the Facility in full satisfaction of Defendants' obligations under law:

     a.     Negate the thresholds at the bases of the tenant doors at Unit 301 (Palm Beach Hair) and Unit 309 (Downtown Chiropractic) to max ½ inch in height threshold allowance.

     b.     For the ramps in the sidewalk for Units 301 and 309, an electric buzzer, bell, or similar device shall be installed near the entrance to the Unit with a sign stating: "For assistance, please ring bell or call [phone number for relevant unit]."

     c.     For Units 301 and 309, signage shall be installed near the main service counter or at the front of the office informing patrons to ask staff for assistance; signage shall include a minimum of 5/8 inch block lettering, color contrasted background and include the symbol of accessibility.  Downtown Chiropractic staff will be directed to offer assistance when asked.

     d.     For Unit 309, Braille restroom signage will be installed at a height of 60 inches to the centerline of the sign above the floor including a symbol of accessibility.

     **Maintenance and Repair:** Defendants shall maintain in operable condition, and in compliance with the terms of this Consent Decree, all facilities described herein, or required to be in compliance with the ADA, save only reasonable interruptions for repair or replacement.

     2.     All modifications to be undertaken pursuant to this Consent Decree shall be completed by **August 10, 2020**.  The parties hereto acknowledge and stipulate that the barrier removal, alterations and modifications agreed to in this Consent Decree constitute, pursuant to and for the purposes of Title III of the ADA, its implementing regulations, and Standards, readily achievable and technically feasible measures for the removal of existing exterior architectural barriers to access at the Facility.

3.      Plaintiff makes no representations or guarantees regarding any barrier removal, alterations, modifications, or any changes of any kind whatsoever, as to whether the aforementioned comply with the ADA, Florida Statutes building construction standards, county or city regulations or codes, or any other statute, act, law, rule, regulation, code, standard or state or local governing body whatsoever.  Defendants have agreed to make such changes herein in their sole discretion and in total reliance on their own design professionals' counseling and advice.

4.      The barrier removal, alterations and modifications required hereby shall be completed in all respects within the time frame set forth in Paragraph 2.  The time period for completion by Defendants shall be subject to acts of God, *force majeure*, or events beyond the control of Defendants such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults or work stoppages.  In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications provided in Paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event, as long as Defendants immediately provide written notice by certified or registered mail to Plaintiff's counsel, Cynthia K. Mitchell, P.A., 1364 Amaryllis Lane, West Palm Beach, Florida 33415, of the delay, the specific reasons therefore, the estimate time for completion and make a good faith effort to effect implementation as soon as reasonably possible thereafter.

5.      All future new construction or alterations initiated by Defendants to the Facility (which shall not include the alterations and modifications provided for herein) shall comply with Title III of the ADA and the implementing regulations and standards in effect at the time of the

new construction or alterations.

6.      If Plaintiff inspects the Facility at any future point and believes that some element of Defendants' property violates this Agreement or Title III of the ADA or equivalent state statutes, Plaintiff shall send a notice of the purported violations to Defendants through certified mail.  Plaintiff and Defendants agree to work in good faith to resolve the purported violations. Defendants shall have a period of no less than 90 days following receipt of the notice to attempt to resolve the purported violations.  This notice and 90 day cure period are a precondition to Plaintiff instituting any future claim to enforce this Agreement or any civil claim under Title III of the ADA or equivalent state statutes.

**RIGHT OF INSPECTION**

7.      Upon the completion of the accessibility requirements and barrier removal requirements set forth in Paragraph 1, Defendants shall provide written notice by certified or registered mail to Plaintiff's counsel, Cynthia K. Mitchell, P.A., 1364 Amaryllis Lane, West Palm Beach, Florida 33415, of such completion and shall provide Plaintiff's counsel with proof of said completion.  Nothing herein shall be construed to restrict or limit Plaintiff and/or her representatives from otherwise visiting or accessing the Facility.  Defendants' failure to provide timely notice to Plaintiff as required herein shall not preclude Plaintiff from verifying the completion of the work required by this Consent Decree.

**ENFORCEMENT PROVISIONS/COMPENSATORY DAMAGES**

8.      In the event the barrier removal, alterations and modifications required hereby are not timely completed in all respects, Plaintiff shall be entitled to obtain injunctive relief as requested in the Complaint filed in this action.

5

9.      In any action to enforce this Consent Decree, the prevailing party shall be entitled to their reasonable attorneys' fees, expenses and costs.

## PLAINTIFF'S FEES, EXPENSES AND COSTS

10.      Defendants shall pay Plaintiff for the reasonable fees, expenses and costs incurred by Plaintiff, Plaintiff's counsel, and Plaintiff's expert witness in this matter. The amounts to be paid will be established by separate agreement to be negotiated by counsel for the parties.  Such fees, expenses and costs shall be payable on or before August 23, 2019.  Except as set forth herein, each party shall bear their own fees, expenses and costs related to this action.

## NON-DISPARAGEMENT

11.      The Parties agree that they will not make any disparaging, denigrating, demeaning or untrue statements about the other party or any person associated with the other party, including any officer, director, member, consultant, expert, or legal representative of the other party with respect to any of the issues raised in the above-captioned action.

## NON-DISCRIMINATION/RETALIATION

12.      Defendants agree that they, their agents, and employees will not discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing regarding this matter or under the ADA, nor will Defendants coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of, his or her having exercised or enjoyed, or on account of, his or her aid or encouragement or any other individual in the exercise or enjoyment of, any right granted or protected by the ADA, in compliance with the mandates of 28 C.F.R. Section 36.206

thereof.

## **RELEASE OF CLAIMS**

13.     Upon full compliance with the terms and conditions of this Consent Decree, the Parties hereby release each other from claims pursuant to Title III of the ADA regarding the Facility (and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations) and claims related to this action such as the claims that were asserted, or could have been asserted, in the above-captioned action, *provided that,* this release shall in  no way limit Plaintiff's or the Court's ability to monitor and enforce Defendants' compliance with the terms of this Consent Decree.  In this regard, the Parties shall request the Court to enter a final order of dismissal with prejudice as to all claims, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms agreed to by the parties in this Consent Decree.  The Parties will file a Joint Request for Entry and Approval of Consent Decree within five (5) days of the Parties' execution of this Consent Decree.  A proposed Joint Request for Entry and Approval of Consent Decree and Final Order Approving and Entering Consent Decree are attached hereto as Exhibit "A".  Nothing herein shall be construed as a waiver or release of any claim against any property or facility other than the subject Facility.

14.     It is the intent of the Parties that Plaintiff and Plaintiff's attorney will not hereafter assert or claim, or represent another party that claims that Defendants are required to make additional or different modifications to the existing Facility, or are required to follow different standards for future construction other than that which is set forth herein nor attempt to enforce standards regarding physical access features of the existing Facility which conflict with what is agreed herein.

7

## TIME IS OF THE ESSENCE

15.     The Parties further agree that time is of the essence in all respects regarding this Consent Decree and any breach of the time limitations set forth in this Consent Decree shall be deemed a material breach.

## ENTIRE UNDERSTANDING

16.     This Consent Decree constitutes the entire understanding and agreement of the parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of both Parties.

## SEVERABILITY

17.     If any provision of this Consent Decree or any part of any provision of this Consent Decree is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision/s or part/s of this Consent Decree.

## CONSTRUCTION/AMBIGUITIES

18.     The Parties acknowledge that each party has reviewed and revised this Consent Decree and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in its interpretation.

## WAIVER

19.     The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## EXECUTION

20.     The Parties have read and understood the preceding Consent Decree, have had the

8

opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and agree to be bound thereby.

21.     Each person executing this Consent Decree on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

22.     The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.

23.     For the purposes of this Consent Decree, all faxed and/or electronically transmitted signatures shall be accepted as original signatures.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, the parties hereto execute this Consent Decree in regard to

CASE NO.: 9:19-cv-80915-ROSENBERG, GLORIA CALDAROLA vs. DOWNTOWN

WELLNESS CENTER LLC, a Florida Limited Liability Company, and GOLD

CHIROPRACTIC, P.A., a Florida Corporation, to be effective on the date upon which the last

signatories execute this Consent Decree.

**PLAINTIFF:**

_____, SPOA          Date: ___8/23/19___

**GLORIA CALDAROLA**

**DEFENDANTS:**

**DOWNTOWN WELLNESS CENTER LLC,**
**a Florida Limited Liability Company**

By: _____          Date: _____

Print Name: _____

Title: _____

**GOLD CHIROPRACTIC, P.A.,**
**a Florida Corporation**

By: _____          Date: _____

Print Name: _____

Title: _____

10

**IN WITNESS WHEREOF**, the parties hereto execute this Consent Decree in regard to CASE NO.: 9:19-cv-80915-ROSENBERG, GLORIA CALDAROLA vs. DOWNTOWN WELLNESS CENTER LLC, a Florida Limited Liability Company, and GOLD CHIROPRACTIC, P.A., a Florida Corporation, to be effective on the date upon which the last signatories execute this Consent Decree.

**PLAINTIFF:**

_____     **Date:** _____

**GLORIA CALDAROLA**

**DEFENDANTS:**

**DOWNTOWN WELLNESS CENTER LLC,**
**a Florida Limited Liability Company**

By: _____     **Date:** 2019-08-20
                                   Ronald Gold

Print Name: Ronald Gold

Title: Owner

**GOLD CHIROPRACTIC, P.A.,**
**a Florida Corporation**

By: _____     **Date:** 2019-08-20
                                   Ronald Gold

Print Name: Ronald Gold

Title: Owner

10